RECEIVED BY MAIL
JUL 1 9 2010
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHNNY R. HIGGINS | ) |
| | ) Cause No. |
| NELDA HIGGNS | ) |
| 1789 Bent Twig Ln. | ) |
| St. Louis, MO., 63138 | ) |
|     Petitioners | ) |
| | ) |
| v. | ) |
| | ) |
| BERNADETTE M. BROWN | ) |
| 5261 Delmar Blvd., Ste. 207 | ) |
| St. Louis, MO., 63108 | ) |
| and | ) |
| GAYLARD T. WILLIAMS | ) |
| P.O. Box 4542 | ) |
| St. Louis, MO., 63108-0542 | ) |
| And | ) |
| THE BROWN LAW CENTER | ) |
| 5261 Delmar Blvd., Ste. 207 | ) |
| St. Louis, MO., 63108 | ) |
| | ) |
| HON. SANDRA FARRAGUT-HEMPHILL | ) |
| DIV 42., TWENTY-FIRST | ) |
| JUDICIAL CIRCUIT | ) |
| 7900 Carondolet | ) |
| Clayton, Mo. 63105 | ) |
| | ) |
| Respondents. | ) |

## PETITION FOR BREACH OF CONTRACT/CIVIL RIGHTS VIOLATIONS/UNJUST ENRICHMENT/RICO VIOLATIONS/LEGAL MALPRACTICE

COMES NOW Petitioners JOHNNY R. HIGGINS AND NELDA HIGGINS (Pro Se') and for their cause of action against the above-named Respondents jointly and severally, avers the following facts.

### STATEMENT OF JURISDICTION

1. Petitioners are residents of St. Louis County, Missouri.
2. Respondents reside and/or work in St. Louis County Courts.

1

3. This case involves a federal question (RICO/1983 14 U.S.C.)
4. The matter and amount in controversy in this cause exceeds, exclusive of interest and costs, the sum value of Seventy-Five Thousand Dollars ($75,000.00).
5. Venue in this Court is proper because Respondents can be found in this Jurisdiction.

### FACTS COMMON TO ALL COUNTS

6. On March 12th, 2009, Petitioners entered in an exclusive attorney/client relationship with Respondents to be represented in a matter filed against Petitioners by Bayrock Mortgage Corporation on 02-17-2009(**Case # 09SL-AC01286**).
7. Petitioners vocalized their concerns that due to a prior acrimonious relationship with Judge Sandra Hemphill, they would not want their case heard before her, and if such a relationship is unavoidable, then a jury trial would be the only other viable alternative.
8. Respondents agreed to abide by Petitioner's strategy choices.
9. Respondents charged Petitioners the sum of FIFTEEN HUNDRED DOLLARS ($1,500.00) to represent Petitioners in this matter; with an additional ONE THOUSAND DOLLARS ($1,000.00) becoming payable if a jury trial was inevitable. A jury trial before Judge Hemphill became necessary, so the entire payout would become necessary.
10. Petitioners eventually advanced Respondents the sum of FIFTEEN HUNDRED DOLLARS ($1,500.00 via MasterCard), but halted future payments after numerous failed attempts to secure case information from Respondents. Subsequently, this action follows.

### COUNT 1

### BREACH OF CONTRACT

11. Petitioners reallege all of the aforementioned allegations in Paragraphs 1-9 by reference as if set forth herein in their entirety.
12. Respondents are in breach of their obligation to Petitioners by failing to reasonably communicate with Petitioners regarding the status of their case.
13. Respondents are in breach of their duty of diligence for failing to take action on behalf of Petitioners and failing to return money to them within a reasonable time after being requested to do so.
14. Respondents are in breach of their duty to abide by their employer's request for a jury trial.
15. Respondents are in breach of their duty of representation, by withdrawing from Petitioner's case just two days before trial. Petitioners proceeded pro se' at this point, as they were

without sufficient funds and time to secure additional counsel. Additionally, Respondent's negligence caused Petitioners to be fined ELEVEN THOUSAND DOLLARS ($250.00 X 44 days total) in contempt proceedings by Judge Hemphill, due to Respondents *misguidedly*; assuring the Judge, Petitioners had adequate funds ($9,747.36) to deposit as escrow into the Courts' registry.

16. Petitioners reasonably relied on Respondent's declarations to adequately represent their case in a Court of Law. Petitioner's case was continued eleven times (for nonappearances), without their attorneys moving for any default judgments against Respondents' delinquencies.
17. Such reliance was reasonable under the circumstances, as Respondents publicly represented themselves as competent practitioners in the area of the Law of Contractual Relations.
18. Respondents have been damaged as a proximate cause of this reliance to the tune of THIRTEEN THOUSAND DOLLARS ($13,000.00) actual damages, plus accruing interest and penalties.

**WHEREFORE,** Petitioners implore this Honorable Court to award them treble damages against Respondents **each** of them, jointly and severally, in the amount of THIRTY-NINE THOUSAND DOLLARS ($39,000.00) to make Petitioners whole as Respondent's conduct was egregious and unconscionable, and for such other relief this Court deems just and proper under the circumstances.

### COUNT II

### UNJUST ENRICHMENT

19. Petitioners reallege all of the allegations in Paragraphs 1-17, by reference as if set forth herein in their entirety.
20. In the event there is no contract formed between the parties, Respondents will be unjustly enriched because Petitioner gave something of value to Respondents ($1,500.00) and received nothing in return.
21. Petitioner is entitled to relief by way of quantum meruit theory to prevent unjust enrichment of Respondents at Petitioner's expense.

**WHEREFORE**, Petitioners respectfully moves for judgment against Respondents, **each** of them, jointly and severally, in an amount of FIFTEEN HUNDRED DOLLARS ($1,500.00), plus accruing

interest at a rate of 9% per annum, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III

### LEGAL MALPRACTICE

Petitioners reallege all the allegations in Paragraphs 1-20 by reference as if set forth herein in their entirety.

22. Respondents took good faith monies ($1,500.00) advanced by Petitioners under the false pretense that they would zealously represent Petitioners' interest in a Court of Law.
23. Respondents knew when they made the representations, they had no intention of representing Petitioners, and that such representations were in fact and deed, false.
24. Petitioners had no idea when advancing monies that Respondents' representations were false.
25. Had Petitioners been privy to Respondents' false representations, they would have not entered into contract with Respondents.
26. Respondents waived Petitioner's request for a jury trial without Petitioner's knowledge or ratification of the same.
27. Respondent's had a continual duty to advised Petitioners of any developments in the case, but grossly failed to due the same, resulting in ineffective assistance of counsel.
28. Petitioners aver that such inadequate representation by Respondents did not rise to the level of competency expected in the local legal community.
29. Such representations proximately caused damages to Petitioners to the tune of THIRTEEN THOUSAND DOLLARS ($13,000.00).

**WHEREFORE Petitioners** respectfully move for judgment against Respondents, each of them jointly and severally, in the amount of THIRTEEN THOUSAND DOLLARS, plus interest computed at 9% per annum.

### COUNT IV RACKETEERING INFLUENCE AND CORRUPTION ACT (RICO)

Plaintiffs realleges all the paragraphs from 1-28, as set forth in their entirety herein.

30. Petitioners allege that Judge Sandra Farragut-Hemphill (under color of law) attorneys Gaylard T. Williams and Bernadette Brown purposely conspired to continue Petitioner's case in her courtroom (Division 42) eleven times from 03/16/2009 to 02/22/2010, causing excessive contempt fines to accrue against Petitioners unjustifiably. Petitioners aver that such behavior continued *for a year*.
31. Petitioners allege that the aforementioned behavior was done in collusion by all three parties in an attempt to extort monies from Petitioners in the amount of NINE THOUSAND FOUR HUNDRED AND SEVENTY-FOUR DOLLARS ($9,474.36) by requiring indigent Petitioners to deposit this amount into the Court's registry.
32. Petitioners aver that "the heart of an RICO complaint is the allegation of a pattern of racketeering", *Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 154, 107 S. Ct 2759, 2766.*
33. Petitioners aver that Judge Sandra Hemphill summarily and Sua Sponte, set aside their earlier default judgment won against third party Plaintiffs, HSBC (due to nonappearance on court ten successive court dates). Additionally, she unfairly held Petitioners in indirect civil contempt and assessed thousands of dollars in fines on Petitioners and would not allow Petitioners to introduce any meritorious and exculpatory evidence.
34. Petitioners further allege that Mr. Gaylard T Williams and Bernadette Brown were chronically absent from the court proceedings and were allowed to withdraw (by Judge Hemphill) two days prior to trial, although Petitioners extended retainer fees for contractual representation. Petitioners were prohibited from employing additional counsel by Judge Hemphill causing damages to Petitioners in the amount of THIRTEEN THOUSAND DOLLARS ($13,000.00).

**WHEREFORE** Petitioners pray that this Honorable Court award them THIRTEEN THOUSAND DOLLARS against Respondents Jointly and severally plus treble damages in the amount of THIRTY-NINE THOUSAND DOLLARS ($39,000.00) and for such other relief this Court deems just and proper.

### COUNT V: 42 USC SECTION 1983 CIVIL RIGHTS VIOLATION

Petitioners reallege all the paragraphs 1-33 in their entirety as set forth herein.

35. Petitioners aver that Respondent, the Honorable Sandra Hemphill, acting under color of legal statute, ordinance, regulation, custom or usage, used her position as an associate circuit Jurist to deprived Petitioners of their monies and access to the judicial system (privileges and immunities guaranteed by the Constitution of the United States )by colluding with co-Respondents attorneys Gaylard T. Williams and Bernadette Brown to thwart Petitioner's civil action against **Bayrock Mortgage Corp. v. Higgins, case#09SL-AC01286,** and third party Plaintiff **HSBC.**

**WHEREFORE** Pray that this Honorable Court award them actual damages of THIRTEEN THOUSAND DOLLARS ($13,000.00) jointly and severally and punitive damages of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) against Respondents jointly and severally, plus accruing pre and

post judgment interest at 9%, and for such other relief the Court decides is just and proper under these circumstances.

Respectfully submitted by, *Johnny R. Higgins / Nelda Higgins*
Johnny R. Higgins/Nelda Higgins, Affiants

SUSCRIBED AND SWORN to me this_____th, day of_____2010.
My Commission Expires:

6