# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY R. HIGGINS and <br> NELDA HIGGINS, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 4:10CV01314 ERW |
| BERNADETTE M. BROWN, et al., | ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of Johnny and Nelda Higgins for leave to commence this action without payment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion

is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52.

**The Complaint**

Plaintiffs bring this action for monetary relief pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. ("RICO"). Named as defendants are Sandra Farragut-Hemphill (Circuit Court Judge), Bernadette Brown (private attorney), Gaylard Williams (private attorney), and the Brown Law Center. In addition, plaintiffs assert state-law claims for breach of contract, legal malpractice, and unjust enrichment.

Plaintiffs allege that their constitutional rights were violated in the state case of Bayrock Mortgage Corp. v. Higgins, 09SL-AC01286, in which they were sued for money damages after they cancelled a loan and allegedly kept money owed to Bayrock Mortgage. Defendant Farragut-Hemphill presided over the case, and defendants Brown and Williams represented the Higginses. Plaintiffs allege that Brown and Williams were "chronically absent from the court proceedings and were allowed to withdraw." As to their RICO claims, plaintiffs allege that Judge Farragut-Hemphill and attorneys Williams and Brown "purposely conspired to continue [their] case in her courtroom . . . eleven times from 03/16/2009 to 02/22/2010, causing excessive contempt fines to accrue against [them] unjustifiably." In addition, plaintiffs allege that Judge Farragut-Hemphill "unfairly held [them] in indirect civil contempt and assessed thousands of

dollars in fines . . . and would not allow [them] to introduce any meritorious and exculpatory evidence," and that the three defendants acted "in collusion" by requiring plaintiffs to deposit $9,474.36 into the Court's registry.

**Discussion**

A. Section 1983 claims

The complaint is legally frivolous as to defendant Farragut-Hemphill, because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is also legally frivolous as to defendants Brown, Williams, and the Brown Law Center, because they are not state actors within the meaning of § 1983. See Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys, whether appointed or retained, who represented plaintiff in underlying proceeding did not act under color of state law and were not subject to suit under § 1983); see also Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

B. RICO claims

A plaintiff who brings suit under RICO must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). In the instant action, plaintiffs' allegations, most of which are wholly conclusory, simply fail to state a RICO claim. Plaintiffs offer no facts plausibly connecting defendants to a criminal racketeering enterprise. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). In addition to failing to state a claim, and as previously stated above, Judge Farragut-Hemphill is entitled to absolute judicial immunity.

Moreover, the Court notes that to the extent plaintiffs are attempting to use RICO to appeal or relitigate aspects of their underlying state action, they are jurisdictionally barred from doing so. Under the Rooker-Feldman doctrine,[1] "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." Ace Construction v. City of St. Louis, 263 F.3d 831, 833 (8th Cir. 2001); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005)(discussing federal court jurisdiction under

---

[1]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Rooker-Feldman doctrine); Mosby v. Ligon, 418 F.3d 927 (8th Cir. 2005); cf. Ernst v. Child and Youth Serv. of Chester County, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." Centres, Inc. v. Town of Brookfield, Wis., 148 F.3d 699, 702 (7th Cir. 1998).

C. State claims

Because plaintiffs' federal claims will be dismissed, all remaining pendent state claims should be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988)(where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a matter of discretion).

Last, the Court finds that the instant lawsuit is not only frivolous, but malicious. The Court's records indicate that on March 23, 2010, plaintiffs had filed another § 1983 action against defendants Bernadette M. Brown, Gaylard T. Williams, and Sandra Farragut-Hemphill. See Higgins v. Farragut-Hemphill, No. 4:10-CV-508-ERW (E.D. Mo.). On April 5, 2010, after concluding that plaintiffs' allegations were legally frivolous and failed to state a claim or cause of action, this Court dismissed the lawsuit

pursuant to 28 U.S.C. § 1915(e)(2)(B). Thus, the instant lawsuit presents a situation in which plaintiffs failed to prevail at the state level. In addition, they failed to prevail on their claims in Federal Court earlier this year, and their present action, which reasserts many of the claims this Court previously dismissed as frivolous, appears to have been undertaken for the purpose of harassing the defendants and not for the purpose of vindicating a cognizable right. See Spencer, 656 F. Supp. at 461-63.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Docs. #2 and # 3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and malicious and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel [Doc. #6] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 27th Day of September, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE